**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| GEORGIO M. SER,<br><br>                                 Plaintiff,<br><br>        v.<br><br>SDCC OFFICER, *et al.*,<br><br>                                 Defendants. | Case No. 3:26-CV-00289-ART-CLB<br><br>**ORDER DENYING MOTIONS TO DISQUALIFY**<br><br>[ECF Nos. 4, 8] |

Before the Court are Plaintiff Georgio M. Ser's motions to disqualify the undersigned Magistrate Judge removed from this action. (ECF Nos. 4, 8). For the reasons stated below, the motions are denied.

When reviewing a motion for recusal or disqualification, the Court must start from the "general proposition" that the judicial officer must participate in cases assigned to him or her. *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008). Recusal is governed by 28 U.S.C. §§ 144 and 455. The standard for recusal under Sections 144 and 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). Thus, in order to satisfy either of these statutes, Ser must set forth facts and reasons for the belief that bias or prejudice exists. 28 U.S.C. § 144. The challenged judge should rule on the legal sufficiency of a recusal motion in the first instance. *Id.* at 939.

Under 28 U.S.C. § 455, a magistrate judge "shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." *United States v. Wilkerson*, 208 F.3d 794, 797 (9th Cir. 2000). Section 455(a) requires an objective inquiry. *Holland*, 519 at F.3d at 912-14. As a rule, the judge's impartiality must be inferred from "extrajudicial" sources—sources *other than* rulings and conduct during the proceeding. *Clemens v. U.S. Dist. Court for Cent. Dist. of California*, 428 F.3d 1175, 1178 (9th Cir. 2005). Put another way, a "judge's prior adverse ruling is not a sufficient cause for

recusal." *United States v. McTiernan*, 695 F.3d 882, 893 (9th Cir. 2012). In addition, "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are insufficient to require Section 455 recusal. *Id.*

Here, Ser argues the undersigned should be disqualified in this case based entirely on his dissatisfaction with the undersigned's determination in a prior case that he was not entitled to social security benefits. (ECF No 4 at 1, ECF No. 8 at 1.) In support of his arguments, Ser claims that the undersigned failed to read or consider his filings in reaching its decision in the prior case. (*Id.*)

First, these assertions are improperly based on Ser's own speculation or suspicions and have no basis in fact. *McTiernan*, 695 F.3d at 893. Furthermore, as noted above, a judge's prior adverse rulings are not a sufficient basis to support recusal. *McTiernan*, 695 F.3d at 893. Rather, recusal or disqualification must be based on extrajudicial conduct and cannot be based on mere speculation or suspicions. Ser has presented no argument that the undersigned has engaged in any type of extrajudicial conduct that establishes any bias against Ser. (*See* ECF Nos. 4, 8.) As such, Ser has not shown "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Studley*, 783 F.2d at 939.

For the above reasons, Ser's motions for recusal, (ECF Nos. 4, 8) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:** June 18, 2026.

_____
**UNITED STATES MAGISTRATE JUDGE**

2